**STATE OF MONTANA,**
    **Plaintiff,**                         **No. DC-04-366**
**vs.**                                        **Decision**
**JUSTIN ARO,**
    **Defendant.**

On April 27, 2005, the defendant was sentenced to the following: <u>Count I</u>: Forty (40) years in the Montana State Prison, with twenty-five (25) years suspended, for the offense of Driving Under the Influence of Alcohol or Drugs, 4th or subsequent offense, a felony; <u>Count II</u>: A commitment to the Gallatin County Detention Center for a term of six (6) months, for the offense of Driving While Suspended or Revoked, a misdemeanor; and <u>Count III</u>: A commitment to the Gallatin County Detention Center for a term of six (6) months, for the offense of Driving Without Insurance, a misdemeanor. These Counts shall run concurrently with each other and with the sentences imposed in Cause Numbers DC-00-252; DC-03-11 and DC-05-24. In addition, Judge Mike Salvagni applied a Persistent Felony Offender Status.

On August 8, 2005, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Peter Ohman. The state was represented by Marty Lambert.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

It is the unanimous decision of the Sentence Review Division that the sentence is not clearly excessive given the numerous prior DUIs and the willingness of this Defendant to continue to drive while drinking. However,

the Division finds the Defendant should be offered an opportunity to attend Boot Camp.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended to recommend the Defendant be screened for Boot Camp at the Treasure State Correctional Training Center. Upon successful completion of the Boot Camp program, the Defendant may apply for a reduction in his sentence to the sentencing judge. The terms and conditions shall remain as imposed in the Judgment of April 27, 2005.

Done in open Court this 8th day of August, 2005.

DATED this 17th day of August, 2005.

Chairperson, Hon. Gary L. Day, Member, Hon. John Whelan and Member, Hon. Randal I. Spaulding.